JUSTICE NELSON
dissents.
¶18 I respectfully dissent from the Court’s decision. I would affirm the District Court.
¶19 Contrary to the Court’s characterization of the issue in ¶ 16 of the Opinion, the actual ruling of the District Court in its April 29, 2008 summary judgment order was that since there was no unequivocal demonstration that Dillon had earned as much interest as it had to pay to Williams, the claim for interest was a potential loss and MMIA had a duty to defend.
¶20 The trial court was correct. Because MMIA and Dillon both sought summary judgment, neither asserted that Dillon had, in fact, earned interest on Williams’ pension benefits (and, if so, in what amount). Accordingly, in his April 29, 2009 summary judgment order, the trial judge held that if the difference between the interest Dillon could or should have earned during the time it wrongfully retained Williams’ benefits was less than the interest paid to Williams, “then there is a loss.” The District Court held that the possibility that Dillon had not earned as much interest as it had to pay Williams was sufficient to *376 trigger MMIA’s duty to defend-in the absence of an unequivocal demonstration that the claim against Dillon did not fall within the coverage memorandum. In my view, that is really all this case is about-MMIA’s refusal to defend Dillon and the consequences of that refusal.
¶21 At bottom, MMIA’s contract with Dillon is, undisputedly, an indemnity agreement. As defined by §28-11-301, MCA, an indemnity contract is one “by which one engages to save another from a legal consequence of the conduct of one of the parties or of some other person.” Under §28-11-316, MCA, Tt]he person indemnifying [here MMIA] is bound, on request of the person indemnified [Dillon], to defend actions or proceedings brought against [Dillon] in respect to the matters embraced by the indemnity ....’’Moreover, this statute also provides that “[i]f, after request [for indemnification], [MMIA] neglects to defend [Dillon], a recovery against [Dillon] suffered by [Dillon] in good faith is conclusive in favor of [Dillon] against [MMIA].” So long as there was a “potential loss” to Dillon, as the District Court ruled, then MMIA’s statutory duty to defend existed. When MMIA twice summarily refused to defend, it did so at its peril. Section 28-11-316, MCA.
¶22 The Court’s decision that Dillon had no coverage for this potential loss, contradicts MMIA’s concessions at the summary judgment proceeding in August 2008. At that hearing, MMIA asserted that there should be a hearing to determine the actual amount of‘lost interest to the City”-thus conceding the “potential loss” found by the trial judge. More importantly, MMIA conceded that this potential loss was covered and that “[i]f it exists, it should be paid.” The Court’s decision here^hat there was no coverage for any loss suffered by Dillon as a result of the Williams’ judgment-flies in the face of MMIA’s own statements in the District Court that portions of the Williams’ judgment were, in fact, covered under its agreement with Dillon.
¶23 MMIA’s duty to defend-and, again that is all this case is about-arose, as a matter of law, because when Dillon tendered defense of the Williams’ case, there had been no unequivocal demonstration that that part of William’s claim for interest on the past-due pension benefits was excluded from coverage. Even MMIA admitted that. It argued for a hearing to determine Dillon’s loss, after maintaining that it should not have to pay the entire Williams’ judgment against Dillon since the potential loss on interest might be de minimis.
¶24 MMIA acknowledged in the trial court that our rule in Farmers Union Mut. Ins. Co. v. Staples, 2004 MT 108, 321 Mont. 99, 90 P.3d *377 381, controlled-i.e., “[u]nless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy’s coverage, an insurer has a duty to defend,” Staples, ¶ 22, and the insurer is liable for the amount of the total judgment against the insured in the underlying case, Staples, ¶ 20. Because MMIA twice summarily rejected Dillon’s tender of defense when there was a potential covered loss, MMIA must now bear the consequences of its conduct under Staples. MMIA should be held liable to Dillon for the entire Williams’ judgment. Staples demands that result.
¶25 As this case was argued in the court below, the District Court’s decision, Opinion, ¶ 7, was correct and should be affirmed. I respectfully dissent from our contrary decision here.
JUSTICE COTTER joins the Dissent of JUSTICE NELSON.